IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ADELPHIA FIRE PROTECTION, INC.,** | No. 3:06cv185 |
| Plaintiff | (Judge Munley) |
| v. | |
| **NORMAN EGNER; and LOCAL 669 - ROAD SPRINKLER FITTERS UNION,** | |
| Defendants | |

## MEMORANDUM

Before the Court for disposition is plaintiff Adelphia Fire Protection, Inc.'s (hereinafter "Adelphia") motion to remand the plaintiff's amended complaint. The motion is opposed by the defendant Norman Egner (hereinafter "Egner") and Local 669 - Road Sprinkler Fitters Union's (hereinafter "Local 669"). The matter has been fully briefed and is ripe for disposition.

**Background**[1]

Adelphia is in the business of installating sprinkler systems in residential and commercial buildings in Lackawanna County, Pennsylvania. The President of Adelphia is Edward Zimmermann, Esq. Egner was formerly employed by Adelphia.

On or about February 16, 2005, Egner removed tools and equipment from various Adelphia job sites without the permission of Zimmermann. On February 16, 2005, Zimmermann terminated Egner for theft. On August 8, 2005, counsel for Adelphia sent a demand letter to counsel for Egner requesting return of the allegedly stolen property along with an inventory of the missing equipment. Following repeated demands, Egner returned the allegedly stolen property to Adelphia on October 15, 2005. Adelphia assesses the value of the allegedly

---

[1]The facts are derived from the plaintiff's complaint.

stolen equipment at $87,110.00. Adelphia incurred additional expenses of $34,320.08 in replacement tools and overtime wages to keep the business on schedule.

In March 2005, between the time of the alleged thefts and the time of the demand letter, John Kantner, the business agent for Local 669, advised Zimmermann that he would arrange for the return of the missing tools and equipment in exchange for Adelphia's agreement to sign a new collective bargaining agreement. This alleged attempt to coerce and extort Zimmermann took place in Adelphia's office.

Adelphia charges Egner with the tort of conversion for the nearly eight months Egner was in unlawful possession of Adelphia's property. Plaintiff also charges Egner with trespass to chattel for Egner's substantial and intentional interference with chattel belonging to Adelphia. Plaintiff charges Local 669 with civil conspiracy for conspiring with Egner to deprive Adelphia of its property, and using Egner's theft for leverage in its labor negotiations with Adelphia.

**Procedural History**

Adelphia initiated the instant action against Egner on September 7, 2005, in the Court of Common Pleas of Lackawanna County. Adelphia filed an amended complaint on December 16, 2005, adding a charge of civil conspiracy against Local 669 for Kantner's alleged conspiracy to coerce and extort Adelphia regarding labor negotiations, in addition to the conversion and trespass to chattels counts against Egner. "C. Young" of Local 669 received the amended complaint against Local 669 on December 22, 2005.

On January 24, 2006, Local 669 filed a notice of removal to this Court, by claiming that this conflict is a dispute between an employer and a union regarding collective bargaining, and therefore, is governed by federal law, specifically the National Labor Relations Act.

On February 23, 2006, Adelphia filed a motion to remand the complaint back to the Court of Common Pleas of Lackawanna County, Pennsylvania. Adelphia requested remand because Local 669's notice of removal was filed thirty-one (31) days after the service of the complaint, admittedly outside of the thirty (30) day time limit for removal.   Adelphia also points to the fact that its amended complaint does not contain any count or cause of action under the National Labor Relations Act, or any other federal statute, and therefore, does not raise a federal question.  For the following reasons, the motion to remand will be granted.

**Standard of Review**

The law provides that a defendant desiring to remove a civil action from a state court to a United States District Court may file a "notice of removal."  28 U.S.C. § 1446.  The notice of removal must be filed within thirty (30) days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action is based.  Id.

The burden of establishing jurisdiction in the removal situation rests with the defendant.  Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 222 (3d Cir. 1999).  Removal statutes are to be strictly construed against removal, and all doubts should be resolved in favor of remand.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

**Discussion**

The parties dispute whether Local 669 filed its notice of removal timely; thus, it is necessary for us to determine when plaintiff effected service of the complaint.  The burden to establish the timeliness of removal lies with the party seeking removal, here Local 669.  McGhee v. Allstate Ins. Co., No. Civ. A. 05-1813, 2005 WL 2039181 (Aug. 22, 2005).

Local 669 presents no evidence regarding when plaintiff served the

complaint. It merely argues that for purposes of this motion it will assume that it filed the notice of removal late. In addition Local 669 submitted the declaration of its Business Manager's secretary, Diane S. Vreeland. (Doc. 10-3). The declaration states that the Union has no record of having received the amended complaint. (Id.)

On the other hand, plaintiff has submitted an "Affidavit of Service" filed by Kevin B. Quinn, Esquire, in which he states that he caused service of the amended complaint on Local 669 by certified mail, return receipt requested, on December 20, 2005. (Doc. 12). In Pennsylvania, service of original process which is served by mail is complete when the mail is received. PA.R.CIV.PRO. 403.[2] The return receipt, signed by "C. Young" of Local 669, indicates that defendant received the complaint on December 22, 2005. (Doc. 12). Local 669's declaration indicates that Cheryl Young is its receptionist. Thus, we find that the plaintiff has established it served the complaint on December 22, 2005.

To be timely, Local 669 had to file the notice of removal within thirty (30) days of December 22. 28 U.S.C. § 1446. Thirty (30) days from December 20, 2005, was January 21, 2006. January 21, 2006 was a Saturday. As the deadline fell on a Saturday, the Federal Rules of Civil Procedure provides an extension of time to the next Monday, January 23, 2006. See FED.R.CIV.PRO. 6(a). Defendant filed its notice of removal on January 24, 2006, one day late. (Doc. 1).

Local 669 claims that its late filing "was an excusable delay and constitutes only a harmless error." Local 669 asserts that the amended complaint was lost or misplaced in the Local 669 union office and has not yet been found. Local 669 claims that it first learned of the amended complaint by facsimile from

---

[2]As plaintiff filed this case in the Pennsylvania court system, we review the Pennsylvania Rules of Civil Procedure to determine when service was completed.

4

Adelphia's counsel on Friday, January 20, 2006.  Local 669 filed its notice of removal on the following Tuesday, January 24, 2006.  As such, Local 669 believes the thirty (30) day time limit should be waived in this instance.

We must determine, therefore, whether the thirty (30) day limit can be extended.  The Circuit Courts of Appeals that have addressed the issue have held that the thirty (30) day time limit shall be strictly construed.  Cervantez v. Bexar County Civil Serv. Comm'n, 99 F.3d 730, 732 (5th Cir. 1996); International Ass'n of Entrepreneurs v. Angoff, 58 F.3d 1266, 1270 (8th Cir. 1995) (*cert. denied,* 516 U.S. 1072);  Lewis v. Louisville & Nashville R.R. Co., 758 F.2d 219 (7th Cir. 1985).  Several Eastern District of Pennsylvania courts have also addressed this issue and each time the courts held that the time limit was mandatory.  In International Equity Corp.*,* the court noted:

> We are concerned only with the thirty-day limitation contained in § 1446(b).  In contending that "this court should not liberally construe the State confession procedure," and in contending that "equity" should be applied, the defendant completely overlooks the fact that the thirty-day requirement for the filing of a removal petition is mandatory.  We have no discretion.  Putterman v. Daveler*, D.C. 169 F.Supp. 125 (1958);* Green v. Zuck*, D.C., 133 F.Supp. 436 (1955);*  Mayruck v. Haim*, D.C. 290 F.Supp. 721 (1962);*  Wisseman v. LaChance*, D.C. 209 F.Supp. 807 (1962);*  Sunbeam Corp. v. Brazin*, D.C. 138 F.Supp. 723 (1956);* Pottstown Daily News Publishing Co. v. Pottstown Broadcasting Co.*, 247 F.Supp. 578, 583-584 (E.D. Pa. 1965);*  Adams v. Western Steel Buildings Inc.*, 296 F.Supp. 759, 761 (D. Colo. 1969);* 1A Moore, Federal Practice, 1345 (1965).

International Equity Corp. v. Pepper & Tanner, Inc.*, 323 F.Supp. 1107, 1111 (E.D. Pa. 1971).*  Collins contained identical language: "[t]he thirty-day limitation is mandatory and the court is without discretion to expand it.  *(Citing* Fellhauer v. City of Geneva*, 673 F.Supp. 1445, 1447 (N.D. Ill. 1987);*  Balestrieri v. Bell Asbestos Mines, Ltd.*, 544 F.Supp. 528, 529 (E.D. Pa. 1982))*.  Collins v. American Red Cross*, 724 F.Supp. 353, 359 (E.D. Pa. 1989).*  In Waynebern v. IESA Investissements*, S.A., et al., 1992 U.S. Dist. LEXIS 12551, *5 (E.D. Pa. 1992)*, the court cited Collins as imposing a mandatory thirty-day time limit and

expanded on the notion holding, "[r]emoval jurisdiction is to be strictly construed, with doubt as to its propriety resolved in favor of remand." Id. at *5.  See also, Carter v. Tru-Fit Frame & Door Corp., *2001 U.S. Dist. LEXIS 2466, \*10 (E.D. Pa. 2001) (*explaining that, *"*although § 1446(b)'s thirty-day requirement is not jurisdictional, the time limitation is mandatory and must be strictly construed.")

Thus, the persuasive authority of the Eastern District of Pennsylvania and the above mentioned Circuit Courts hold that the failure to file a notice of removal within thirty (30) days is not an excusable error.  We agree with the reasoning of these courts and find that the thirty (30) day period cannot be extended.  We will thus grant the motion to remand.  An appropriate order follows.[3]

---

[3] The parties also address whether the complaint asserts a federal labor law issue.  As we find that the case should be remanded due to the untimely notice of removal, we will not address this issue.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ADELPHIA FIRE PROTECTION, INC.,** | : | **No. 3:06cv185** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| **NORMAN EGNER; and LOCAL 669 - ROAD SPRINKLER FITTERS UNION,** | : | |
| **Defendants** | : | |

## **ORDER**

**AND NOW**, to wit, this 22nd day of June 2006, the plaintiff's motion to remand (Doc. 7) is hereby **GRANTED**. The Clerk of Court is directed to remand this case to the Lackawanna County Court of Common Pleas.

**BY THE COURT:**


**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**

7